## Estate of H. D. Crawford.    Appeal of Martha M. Crawford et al., children and heirs of decedent.

*Appeal—Auditor's findings of fact—Weight of evidence.*

The findings of an auditor will be sustained by the appellate court when based upon testimony unequivocal and to some extent circumstantial of three witnesses testifying directly to the payment in question or the admission of the executor that he had received it, and when there is nothing in the opinion of the court below reciting facts which justify the overruling of the auditor's finding.

*Decedent's estate—Accounting of executor—Surcharge.*

Hand money paid to the attorney of an executor under articles of agreement of sale of real estate which was to be binding only in case certain liens could be released, the sale never having been consummated, does not belong to the estate but to the payor. Hence in an accounting the executor cannot be surcharged with the amount in question which belongs to the intending purchaser.

Argued May 10, 1899. Appeal, No. 213, April T., 1899, by Martha M. Crawford et al., from final decree of O. C. Mercer Co., Jan. T., 1898, No. 18, in distribution. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by BEAVER, J.

Exceptions to auditor's report. Before WALLACE, P. J., of the 53d judicial district, specially presiding.

It appears from the record that numerous exceptions to the account of the executor of decedent having been filed the ac-

count and exceptions thereto were referred to an auditor who filed his report and surcharged the executor, inter alia, with the sum of $150 with interest on the testimony of three witnesses who either testified directly to its payment or to the admission of the executor that he had received it, the executor denying, however, before the auditor, receipt of any such sum. The auditor declined to surcharge the executor certain moneys paid to his attorney on account of the purchase of decedent's real estate sold for the payment of debt, which sales however were not consummated, the money remaining in the hands of the attorney, holding that the money belonged to the intending purchaser and not to the estate. Findings of other facts in relation to the account made by the auditor and confirmed by the court were made the subject of several assignments of error.

The court below overruled the auditor on the question of the surcharge of the $150 and referred the account back for restatement and distribution, costs of the distribution to be charged to the estate. The children and heirs of decedent appealed.

*Errors assigned* among others were (4) in sustaining appellee's first exception to the report of the auditor which reads as follows : " The auditor erred in surcharging accountant with the sum of $150, alleged to have been paid to him by the heirs of H. D. Crawford, deceased, in the fall of 1891, with interest thereon for six years, $54.00, as the accountant denies unqualifiedly under oath that he ever received said sum or any part thereof, and is further corroborated by his cash book, the correctness of which is sworn to by him." (5) In sustaining appellee's second exception to the report of the auditor, which reads as follows : " The auditor erred in surcharging executor with the sum of $200 to apply on purchase price of house and lot, left with S. F. Thompson by M. M. Crawford, with interest on same, $43.00 ; as the evidence shows that the executor never received said money or any part thereof, and further, that the article of agreement pertaining to said real estate which is filed with the testimony in this case provided that ' in case the judg‑ ment creditors will not release, then this agreement shall not bind either party ; ' and the evidence shows that the judgment creditors would not and did not release the lien of their judgments from the real estate in question." (7) In overruling ap‑

587, (1899).] Assignment of Errors—Opinion of the Court.

pellants' exception to the auditor's supplemental report, which exception reads as follows : " And now, January 27, 1899, comes the heirs of H. D. Crawford, by J. J. Alexander, their attorney, and excepts to the placing of the costs of the distribution of balance found by his honor, judge W. D. Wallace, in the hands of A. Crawford, executor, as filed January 16, 1899, by W. W. Moore, Esq., auditor."

*J. J. Alexander*, for appellants.

*R. T. M. McCready*, with him *S. F. Thompson* and *John W. Bell*, for appellee.

OPINION BY BEAVER, J., July 28, 1899 :

A careful examination of the several assignments of error and of the testimony relating thereto has led us to the conclusion that the fourth assignment should be sustained. The auditor found as a fact that Martha M. Crawford, one of the appellants, paid to the executor of her father's estate in 1891 the sum of $150. This finding was based upon testimony unequivocal and to some extent circumstantial, which seemed to him to fully justify the finding. Three witnesses testify directly to the payment or to the admission of the executor that he had received it. The source from which the money was derived, the payment of it by one of the witnesses to Martha M. Crawford for the purpose of paying, the payment by her to the executor in the presence of another witness and the acknowledgment of the executor to a third witness that he had received it constituted such clear and positive testimony as to the payment as to outweigh the recollection of the executor himself, which was the only testimony negativing it. There is nothing in the opinion of the court below reciting facts which justify the overruling of the auditor's finding in this respect. Inasmuch as the account restated by the auditor shows a balance in the hands of the executor, this sum should bear interest from the date of its payment and the executor should be surcharged the amount of the payment, $150, with interest thereon, $54.00, as found by the auditor.

The payment made by Martha M. Crawford to S. F. Thompson, the attorney of the executor, as stated in the fifth assign-

ment of error, rests upon entirely different grounds. This payment was made to Mr. Thompson under an article of agreement for the sale of real estate which was to be binding only in case the liens could be released. It is admitted that the liens were not released and the sale was never consummated. The money, therefore, does not and never did belong to the estate but is the individual property of M. M. Crawford who paid it to Mr. Thompson and who, of course, has the right to it individually.

The other assignments of error rest upon facts found by the auditor and approved by the court below which, under the well known rules governing such cases, will not be disturbed, unless there be serious mistake in the findings of fact. A careful examination of the testimony does not reveal sufficient grounds for reversing the findings of the auditor and the conclusions of the court based thereon as to any of the items complained of by the appellants.

The costs attending the distribution of the balance in the hands of the executor were very properly payable out of the estate and we see no error in the decree of the court so directing. The assignments of error are, therefore, all overruled, except the fourth, the reasons for sustaining which have already been stated. The decree of the court below is, therefore, reversed, so far as it relates to the payment of $150 made by M. M. Crawford to the executor, A. Crawford, in the fall of 1891, and the interest thereon, and the finding of the auditor in regard thereto is confirmed. The executor is to be, therefore, surcharged with the sum of $204 and the record is directed to be remitted to the orphans' court of Mercer county, in order that this decree may be carried into effect and the money applied according to law.